IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**PRISCILLA CHASE**,                                                                                                **Plaintiff**

v.                                                                                            Civil Action No. 4:05CV100-WAP-EMB

**JO ANNE B. BARNHART,**
Commissioner of
Social Security,                                                                                                     **Defendant**

## REPORT AND RECOMMENDATION

Plaintiff, Priscilla Chase, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of an unfavorable final decision of the Commissioner of Social Security Administration (the "Commissioner"), regarding her claim for Disability Insurance Benefits under Title II and Supplemental Security Income ("SSI") benefits under Title XVI. The matter has been assigned to the undersigned United States Magistrate Judge for review and issuance of a report and recommendation. Having fully considered the record and applicable law, I find as follows.

**Procedural History**

Plaintiff protectively filed applications for disability benefits under Title II and SSI under Title XVI on November 15, 2001, alleging a disability onset date of February 1, 1999. (Tr. 55-57). The applications were denied initially and on reconsideration. (Tr. 31-46).

Thereafter, plaintiff requested a hearing before an administrative law judge (ALJ). (Tr. 47). A hearing was held before an ALJ on November 1, 2004, in Greenville, MS. (Tr. 17). Plaintiff was present and represented by her counsel herein, Quentin McColgin. *Id.* In a hearing decision dated December 10, 2004, the ALJ found plaintiff was not disabled as defined in the Act. (Tr. 14-23). The ALJ's hearing decision became perfected as the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on February 18,

2005. (Tr. 9-11). The ALJ's final hearing decision is now ripe for review under section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

**Facts**

Plaintiff was born on September 19, 1960, and was 44 years old at the time of the hearing decision, dated December 10, 2004. (Tr. 55, 22). She completed sixth grade. (Tr. 74). Plaintiff's past relevant work included work as a retail cashier, dishwasher, fast food cook, house cleaner and child care worker. (Tr. 69). She alleged she could no longer work due to back pain, obesity and poor eye sight. (Tr. 68). After a review and evaluation of the medical evidence of record, the subjective testimony at the hearing and the testimony of a vocational expert ("VE"), the ALJ concluded plaintiff was not disabled. (Tr. 17-23). The ALJ found plaintiff had the residual functional capacity ("RFC") to perform a restricted range of light work. (Tr. 22). Specifically, he found plaintiff could lift ten pounds occasionally and frequently, stand or walk for two hours in an eight-hour work day, sit for six hours in an eight-hour work day and had no limitations in pushing or pulling. *Id.* He further found plaintiff could not climb, balance, kneel or crawl; but, she could occasionally stoop and crouch. *Id.*

**Standard of Review**

This Court reviews the Commissioner's/ALJ's decision only to determine whether it is supported by "substantial evidence" on the record as a whole and whether the proper legal standards were applied. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Furthermore, in applying the substantial evidence standard, this Court scrutinizes the record to determine whether such evidence is present. This Court will not re-weigh the

evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Id.*, citing *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *see also Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).

**Law**

To be considered disabled and eligible for benefits, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 to 404.1599 & Appendices, §§ 416.901 to 416.998 1995. The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.[1] *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236

---

[1]The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id.* §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id.* §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the

3

(5th Cir. 1994); *Moore v. Sullivan*, 895 F.2d 1065, 1068 (5th Cir. 1990). The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

The claimant has the burden of proof under the first four parts of the inquiry. *Id*. If she successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. *Greenspan*, 38 F.3d at 236; *Kraemer v. Sullivan*, 885 F.2d 206, 208 (5th Cir.1989). When the Commissioner shows that the claimant is capable of engaging in alternative employment, "the ultimate burden of persuasion shifts back to the claimant," *Id*.; *accord Selders*, 914 F.2d at 618.

The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history," *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

---

impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id*. §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id*. §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id*. § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (1994)("Medical-Vocational Guidelines").

4

**Analysis**

Plaintiff identifies five issues in her brief; and, the Court will address them seriatim. Under Issue One, plaintiff argues the reasons given by the ALJ for discrediting her pain testimony are not supported by substantial evidence. Plaintiff's Brief at 3. In addition to reviewing the objective medical evidence, the ALJ is also required to consider a claimant's subjective complaints of pain when determining disability. *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir.1991). Whether pain is disabling is a matter within the discretion of the ALJ, and this determination is entitled to considerable deference. *Id*. Further, in order for pain to be disabling in nature, it "must be constant, unremitting, and wholly unresponsive to therapeutic treatment." *Id*. at 128-29 (citing *Haywood v. Sullivan*, 888 F.2d 1463, 1470 (5th Cir.1989)).

Social Security Ruling 96-7p clarifies the procedure to be used in assessing the credibility of a Social Security claimant's statements about symptoms and pain.[2] In the first step, the ALJ must consider whether there is an underlying medically determinable physical or mental impairment(s) . . . that could reasonably be expected to produce the individual's pain or other symptoms.[3] If an underlying physical or mental impairment that could reasonably be expected to produce the individual's pain has been established, the ALJ must evaluate the intensity, persistence and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities.[4]

In this case the ALJ conducted the analysis required by the SSR. The ALJ took note of plaintiff's testimony that she could lift no more than 20 pounds and that she had to walk around

---

[2]*Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims--Assessing the Credibility of an Individual's Statements*, SSR 96-7p, at 1.

[3] *Id.* at 2.

[4] *Id.*

5

to relieve her back pain. (Tr. 19). Despite this, the ALJ pointed to the fact that plaintiff's MRI noted only mild broad-based protruding disc at L4/L5 and the fact that she took no medication other than over-the-counter Ibuprofen. (Tr. 19-20). Further, the ALJ noted plaintiff was morbidly obese with many complaints of back pain. *Id*. However, the ALJ pointed out that plaintiff's daily activities, including driving, household chores, grocery shopping, teaching Sunday School and singing in her church choir, were not indicative of someone with disabling pain. (Tr. 20). Further, the ALJ noted that despite her testimony that she couldn't afford to see a doctor about her back condition, plaintiff had made no attempts to seek free medical care. *Id.* In her brief, plaintiff argues she had no knowledge that free clinics were available to her. Notwithstanding plaintiff's inability to afford medical treatment, the more relevant issue was that plaintiff had made no *attempts* whatsoever to obtain medical treatment for her back.

Finally, the ALJ considered the effects of plaintiff's condition on her ability to work when determining that plaintiff was limited to a restricted range of light duty to sedentary work. (Tr. 20). The ALJ rejected in part the report of the consultative examiner, Dr. Amita Patel, who found plaintiff could not bend down, squat, flex completely, or heel-to-toe walk. (Tr. 20, 145-46). The ALJ reasoned that Dr. Patel's report was based on plaintiff's subjective responses and was contrary to plaintiff's own report of her daily activities. "'The Commissioner is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Martinez v. Chater,* 64 F.3d 172, 176 (5th Cir. 1995) (*quoting Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir.1987)); *see also* 20 C.F.R. § 404.1527(c)(2) ("If any of the evidence in your case record, including any medical opinion(s), is inconsistent with other evidence or is internally inconsistent, we will weigh all the other evidence and see whether we can decide whether you are disabled based on the evidence we have .").

The ALJ then factored in the opinions of the state agency physician who determined that plaintiff had a normal gait and no objective physical findings other than obesity and that she was limited only to a reduced range of light to sedentary work activity. (Tr. 20, 147-54). The ALJ noted there was little evidence of record to contradict the agency physician's findings. In her Brief, plaintiff makes much about the ALJ's statement that she admitted she could lift 20 pounds. Plaintiff's Brief at 6. Regardless of the ALJ's reference to plaintiff's "admission," the fact remains that the ALJ based his RFC determination on the state agency physician's determination that she could only lift 10 pounds. (Tr. 20, 22).

Based on the foregoing, I find the ALJ did not err in his assessment of the credibility of plaintiff's complaints of pain, and he properly considered the effect of plaintiff's pain on her ability to perform substantial gainful work. Therefore, the ALJ's decision is supported by substantial evidence.

Under Issue Two, plaintiff contends the ALJ erred by failing to include a sit/stand/walk option in plaintiff's RFC. Plaintiff's Brief at 7. Specifically, plaintiff argues she was not able to sit for six hours without taking frequent breaks to relieve her back pain. *Id.* I find that this assignment of error completely without support. The role of this Court is to determine whether the ALJ applied the correct legal standards and whether his decision is supported by substantial evidence. In this instance, the ALJ relied on the state agency physician's functional capacity assessment in concluding that plaintiff could sit for six hours. And, in light of this Court's affirmation of the ALJ's credibility determination above, the ALJ committed no error.

Under Issues Three and Four, plaintiff contends the ALJ failed to comply with SSR 02-1p and rejected clinical findings for reasons that were groundless. Plaintiff's Brief at 7. Specifically, plaintiff claims the ALJ failed to consider the combined effect of her obesity with

7

her back condition when assessing RFC and rejected Dr. Patel's assessment without proper reason. A simple reading of the ALJ's opinion proves these contentions groundless. First, for the reasons stated above, this Court gives great deference to the ALJ's decision to reject a portion of Dr. Patel's report. As concerns the ALJ's RFC assessment, his opinion clearly shows he factored in both plaintiff's morbid obesity and herniated disc in accepting the state agency physician's functional capacity assessment. (Tr. 20). Accordingly, Issues Three and Four are without merit.

Plaintiff's Issue Five brings to light errors made by the ALJ and the VE regarding jobs they determined plaintiff could perform in light of her assigned RFC. Having considered the record and the applicable law, I find despite any alleged errors plaintiff failed to meet her burden at step five of the sequential evaluation process that there was no work she could perform that existed in significant numbers in the national economy.

The VE testified that there were a significant number of jobs in the national and local economies that plaintiff could perform, including jobs as an order taker, gate guard, lens inserter, eyeglass polisher, card assembler and topper. (Tr. 21, 189-92). Plaintiff argues the ALJ did not correct any discrepancies between the VE's testimony and the *Dictionary of Occupational Titles* (DOT) regarding the exertional levels (light) of the jobs of eyeglass polisher and gate guard. Plaintiff's Brief at 8. Plaintiff further argues that the job of gate guard exceeded her skill level and that the ALJ overstated the number of order taker jobs that existed in the national economy. *Id*. at 9.

First, the Court notes plaintiff's counsel had the opportunity to object or cross-examine the VE on plaintiff's ability to perform the jobs of eyeglass polisher and gate guard during the administrative hearing but failed to do so. (Tr. 191-94). Indeed, I have found no indication in

the record that counsel brought this issue before the Appeals Council. The Fifth Circuit Court of Appeals has stated "claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing." *See Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000).

Nonetheless, even excluding the jobs of eyeglass polisher and gate guard, there remained 46,000 jobs nationally that plaintiff could perform. *See* Plaintiff's Rebuttal Brief at 4. And, plaintiff has presented no authority to this Court in support of her contention that 46,000 jobs does not constitute a significant number. Therefore, because plaintiff's attorney did not provide any evidence during the administrative hearing that plaintiff could not perform any of the jobs identified by the VE, there is no ground for reversal. *See Masterson v. Barnhart*, 309 F.3d 267, 273 (5th Cir.2002) ( "Masterson offered no contrary evidence and thus did not satisfy his burden to prove that he could not perform the kinds of jobs identified by [the VE]."); *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir.1995) ("Since Vaughan offered no evidence that she was incapable of performing the types of work that the ALJ determined were available and that she was capable of performing, Vaughan failed to meet her burden of proof under the disability test."). Accordingly, substantial evidence supports the ALJ's determination that Plaintiff was not disabled during the relevant time period.

**Recommendation**

For the aforementioned reasons, it is recommended that the decision of the Commissioner be affirmed.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any

party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**RESPECTFULLY SUBMITTED** this, the 11th day of August, 2006.

**/s/ Eugene M. Bogen**
**UNITED STATES MAGISTRATE JUDGE**